IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE
THE HONORABLE GARY S. KATZMANN, JUDGE
THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| MAPLE LEAF MARKETING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) | Court No. 20-00125 |

## ORDER

Upon consideration of the defendant's consent motion for a voluntary remand, and all responses thereto, it is hereby ORDERED that the motion is GRANTED; and it is further

ORDERED that the Department of Commerce's final determinations not to exclude ERW EndurAlloy™ tubing products from the remedy imposed by the President under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862, challenged in this action are remanded to Commerce for reconsideration in accordance with this order; and it is further

ORDERED that:

- Commerce shall file its remand results no later than 90 days after issuance of this order;

- Commerce shall file its administrative record for the remand proceedings no later than 14 days after filing its remand results;

- The parties shall file a proposed scheduling order no later than 14 days after the filing of remand results.

SO ORDERED.

July ____, 2021                                    _____
                                                   New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE
THE HONORABLE GARY S. KATZMANN, JUDGE
THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| MAPLE LEAF MARKETING, INC., | ) |
| Plaintiff, | ) |
| v. | ) Court No. 20-00125 |
| UNITED STATES, | ) |
| Defendant. | ) |

## DEFENDANT'S CONSENT MOTION FOR VOLUNTARY REMAND

Defendant, the United States, respectfully requests that the Court remand the challenged actions of the United States Department of Commerce in Count II of plaintiff, Maple Leaf Marketing, Inc.'s (Maple Leaf), complaint for the agency to reconsider its final determinations not to exclude ERW EndurAlloy™ tubing products from the remedy imposed by the President under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862. Our answer and administrative record are currently due July 20, 2021, and we respectfully request that those deadlines be held in abeyance until the Court resolves this motion.

If this motion is granted, Commerce intends to reconsider the 2 exclusion requests at issue, and to provide additional explanation for its decisions.

On July 7, we informed counsel for the plaintiff that we intended to seek a voluntary remand. On July 20, counsel for the plaintiff represented that the plaintiff consents to this motion.

BACKGROUND

Pursuant to the authority granted the President under Section 232, Proclamation 9705 established a 25 percent tariff on imports of most steel products. *Adjusting Imports of Steel Into the United States, Proclamation No. 9705 of March 8, 2018*, 83 Fed. Reg. 11,625 (Mar. 15, 2018). In implementing the steel tariff, the President "authorized [Commerce] to provide relief from the additional duties set forth in clause 2 of this proclamation for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" "and []also []to provide such relief based upon specific national security considerations." *Proclamation No. 9705*, 83 Fed. Reg. at 11,627.

Maple Leaf sought 2 exclusions for ERW EndurAlloy™ tubing products. *See* Compl. ¶ 70. Commerce (Bureau of Industry and Security, or BIS) rejected both requests. In general, Commerce denied the requests because it found that the domestic industry was capable of manufacturing sufficient quantities of merchandise of sufficient quality. *Id.* In its complaint, Maple Leaf contends that Commerce's decisions are "irreconcilable" with other exclusion decisions, and are arbitrary and capricious, constitute an abuse of discretion, and are not in accordance with law. *Id.* ¶ 80.

ARGUMENT

I.  Standard Of Review

Voluntary remand is consistent with the principle that "[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Trujillo v. General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)).

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Indeed, under the circumstances here, which involve weighing multiple interests and evidence from disparate sources, "a remand to the agency is required, absent the most unusual circumstances verging on bad faith." *Id.* at 1029-30 (identifying the appropriateness of remand with respect to a change in policy relating to the interpretation of an ambiguous statute); *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action.").

Remand is "usually appropriate" if "the agency's concern is substantial and legitimate." *SKF*, 254 F.3d at 1029. Commerce's concerns are substantial and legitimate where: (1) "Commerce provided a compelling justification for its remand request," (2) "the need for finality - although an important consideration - does not outweigh the justification for voluntary remand presented by Commerce," and (3) the "scope of Commerce's remand request is appropriate." *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005).

"If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

II.     Commerce's Request For Remand Is Based In Substantial and Legitimate Concerns

We respectfully request that the Court remand Commerce's determinations for the exclusion requests at issue for further consideration, without confessing error.

First, Commerce has a compelling justification for its request for voluntary remand. Commerce acknowledges that a Judge of this Court, in *JSW Steel, Inc. v. United States*, found that Commerce's denials of the exclusion requests at issue in that case were "devoid of explanation and frustrate judicial review." 466 F. Supp. 3d 1320, 1330 (Ct. Int'l Trade 2020). Based on its review of the decision memoranda and underlying recommendations in this case, which are similar in reasoning and scope of analysis as those reviewed in *JSW*, Commerce wishes to reconsider the exclusions and to provide additional reasoning or explanation.

Moreover, while Maple Leaf has not alleged that Commerce engaged in *ex parte* communications with interested parties, we acknowledge that, in the beginning of Commerce's administration of the exclusion process in 2018 through 2019, Commerce officials met with interested parties (both requesters and objectors) to discuss pending exclusion requests and to discuss the exclusion program generally. *See JSW*, 466 F. Supp. 3d at 1329.[1] BIS has no regulation requiring the documentation of such meetings and, at the time, did not have a practice of contemporaneously documenting those meetings. A remand for Commerce to reconsider the original exclusion requests and submissions will eliminate any potential disputes about the completeness of the current record.

---

[1] *See also* Management Alert: Certain Communications by Department Officials Suggest Improper Influence in the Section 232 Exclusion Request Review Process Final Memorandum No. OIG-20-003-M (Oct. 28, 2019), *available at* https://www.oig.doc.gov/Pages/Management-Alert-Certain-Communications-by-Department-Officials-Suggest-Improper-Influence-in-the-Section-232-Exclusion-Req.aspx. Importantly, there was no finding that Commerce failed to act impartially.

Second, the need for finality is not outweighed by the agency's justification. Indeed, Maple Leaf seeks to "set aside" Commerce's denials of its exclusion requests. *See* Compl. ¶ 86. On remand, Commerce could grant one or both of the exclusion requests that Maple Leaf challenges in this case. Thus, "remanding for reconsideration now essentially expedites relief that {the plaintiff} seeks and may obviate the necessity for remand (or, perhaps, any proceedings) later." *Borusan Mannesmann Pipe U.S. Inc. v. United States*, 2020 Ct. Intl. Trade LEXIS 95 (July 20, 2020). Should Commerce grant an exclusion on remand, the one-year exclusion will be retroactive to the date the request for exclusion was accepted by Commerce. *Proclamation 9777 of August 29, 2018, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 45,025, 45,026, cl. 5 (Sept. 4, 2018).

Third, the scope of our request is appropriate. The scope is broad – Commerce intends to fully reconsider all aspects of the exclusion requests based on a new review of the exclusion requests, objections, rebuttals and sur-rebuttals. This broad scope is necessary and proportional to resolve the issues presented in this appeal.

Commerce's request is therefore substantial and legitimate. Remand will conserve judicial resources on a matter that may well be mooted or resolved by further agency consideration of the matter. Moreover, when a reviewing court is unsure of an agency's reasoning, the proper course is to remand "to afford the agency an opportunity to set forth its view in a manner that would permit reasoned judicial review." *Checkosky v. SEC*, 23 F.3d 452, 462 (D.C. Cir. 1994) (separate opinion of Silberman, J.). In sum, a voluntary remand will foster the just, speedy, and inexpensive resolution of this case. USCIT R. 1.

Commerce estimates that 90 days is necessary to reconsider these 2 exclusion requests. In seeking this amount of time, Commerce has considered its limited resources and ongoing

statutory obligations. In particular, there are currently over 19,000 pending exclusion requests before Commerce, which, in general, Commerce must decide within 106 days. The duration of our request will not prejudice the plaintiff. If, on remand, Commerce grants an exclusion, Maple Leaf will then be able to notify CBP and request to apply the exclusion to specific entries. If CBP determines that a claimed exclusion applies to the merchandise covered by the entries, those entries will be liquidated without section 232 duties, and any duties deposited will be returned with interest provided for by law.[2]

For these reasons, we respectfully request that the Court grant our consent motion for voluntary remand. Should the Court deny our motion, we respectfully request that the Court provide us 14 days within which to file our answer and administrative record.

                                      Respectfully submitted,

                                      BRIAN M. BOYNTON
                                      Acting Assistant Attorney General

                                      JEANNE E. DAVIDSON
                                      Director

                                      /s/Tara K. Hogan
                                      TARA K. HOGAN
                                      Assistant Director

---

[2] "{S}teel . . . articles specified in the approved decision memo in entries that have not been liquidated by CBP are those eligible for tariff refunds or tariff exclusions." 85 Fed. Reg. 81,060, 81,064 (Dep't of Commerce Dec. 14, 2020). Recognizing that potentially covered merchandise could enter the United States while an exclusion request is pending, CBP has provided guidance to importers on how to claim an exclusion on previously imported entries. CSMS #39633923, UPDATE: Submitting Imports of Products Excluded from Duties on Imports of Steel or Aluminum (Sept. 3, 2019), *available at* https://content.govdelivery.com/accounts/USDHSCBP/bulletins/25cc403.

| | |
|---|---|
| OF COUNSEL: | /s/ Ann C. Motto |
| | ANN C. MOTTO |
| | Trial Attorney |
| Kimberly Hsu | Department of Justice |
| Office of Chief Counsel for | Civil Division |
| Industry and Security | Commercial Litigation Branch |
| Department of Commerce | P.O. Box 480, Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Tel.: (202) 353-7968 |
| | Email: Ann.C.Motto@usdoj.gov |
| Dated: July 20, 2021 | Attorneys for Defendant |